IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30641
Summary Calendar
_____


In The Matter Of:   L. ALAN EGLESTON,

                                                    Debtor.

VICKI EGLESTON,

                                                    Appellant,

                            versus

L. ALAN EGLESTON,

                                                    Appellee.
_____

Appeal from the United States District Court for the
Western District of Louisiana
(95-CV-411)
_____

February 5, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Vicki Egleston appeals from the district court's affirmance of
the bankruptcy court's determination that all but one of the
obligations stemming from a divorce decree were not in the nature
of alimony, maintenance, or support and therefore dischargeable in
the bankruptcy of her ex-husband, Dr. Alan Egleston.  Concluding
that the bankruptcy court's factual finding as to one obligation

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

from the divorce decree, and the district court's affirmance of that finding, were clearly erroneous, we affirm in part, reverse in part, and remand for entry of judgment. We have jurisdiction pursuant to 28 U.S.C. § 158(d).

I

Dr. Egleston filed a divorce action against Vicki Egleston in 1992 in the Court of Common Pleas of Westmoreland County, Pennsylvania. On September 14, 1993, the court entered an order to which both Dr. Egleston and Vicki Egleston consented (the "Pennsylvania Order"). The Pennsylvania Order contains twenty-six numbered paragraphs addressing myriad issues, including equitable distribution of property and payment of alimony. Paragraph Nine of the Pennsylvania Order is the only section that specifically mentions alimony. It requires Dr. Egleston to pay to Vicki Egleston $4,000 per month from October 1, 1993 to December 31, 1993. The payments resume on May 1, 1994, and continue for 128 months, for a total of 131 months. Paragraph Eight concerns Dr. Egleston's agreement to sell his medical practice in Pennsylvania to another medical group. It provides that $37,500 from the sale shall be paid to Vicki Egleston at the signing of the agreement "as equitable distribution." It also provides that the buyers shall pay to Vicki Egleston a portion of the remaining sale price in six consecutive monthly payments of $5,000 "as equitable distribution," commencing January 1, 1994. This paragraph obligates Dr. Egleston to make such payments to Vicki Egleston in the event of a default.

Vicki Egleston has not received any of the payments mentioned in Paragraph Eight.

After moving to Louisiana, Dr. Egleston filed a Chapter 7 bankruptcy petition in March 1994. Vicki Egleston was listed as a creditor based on the Pennsylvania Order. She filed an adversary proceeding in bankruptcy court in June 1994, claiming that the Pennsylvania Order should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) as alimony, maintenance, or support. After conducting a hearing in December 1994, at which both Eglestons testified, the bankruptcy court entered a judgment declaring that the 131 payments required by Paragraph Nine were alimony and were therefore excepted from discharge. The court refused to except any other part of the Pennsylvania Order from discharge, including the six payments for $5,000 required by Paragraph 8. The district court summarily affirmed the judgment of the bankruptcy court in June 1995.

II

Whether an obligation to a former spouse is in the nature of alimony, maintenance, or support is a factual question subject to a clearly erroneous standard of review. In re Benich, 811 F.2d 943, 946 (5th Cir. 1987); Bankr.R. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573, 105 S.Ct. 1504,

1511, 84 L.Ed.2d 518 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).  "When a finding of fact is premised on an improper legal standard, or a proper one improperly applied, that finding loses the insulation of the clearly erroneous rule."  In re Niland, 825 F.2d 801, 806 (5th Cir. 1987) (quoting In re Missionary Baptist Foundation, 818 F.2d 1135, 1142 (5th Cir. 1987)).

Section 523 of the Bankruptcy Code sets forth the exceptions to the general rule that all debts are dischargeable through bankruptcy.  Subsection (a)(5) exempts from discharge any debt owed to a former spouse or child for alimony, maintenance, or support. 11 U.S.C. § 523(a)(5) (1994).  "Whether a particular obligation constitutes alimony, maintenance, or support within the meaning of this section is a matter of federal bankruptcy law, not state law." In re Joseph, 16 F.3d 86, 87 (5th Cir. 1994) (quoting In re Biggs, 907 F.2d 503, 504 (5th Cir. 1990)).  "Bankruptcy court must therefore look beyond the labels which state courts--and even the parties themselves--give obligations which debtors seek to have discharged."  In re Dennis, 25 F.3d 274, 277-78 (5th Cir. 1994) (citations omitted), cert. denied, ___ U.S. ___, 115 S.Ct. 732, 130 L.Ed.2d 636 (1995).

This court has set out a non-exclusive list of factors for bankruptcy courts to use in making the determination.  "These considerations include the parties' disparity in earning capacity, their relative business opportunities, their physical condition,

their educational background, their probable future financial needs, and the benefits each party would have received had the marriage continued." Id. at 279 (citing In re Joseph, 16 F.3d at 88).

III

At the outset of our analysis, we note that the focus of our review is the failure to except from discharge the six monthly payments required by Paragraph 8.[1] We emphasize the fact that but for a one-month overlap and a $1,000 difference in amount, these payments coincide with the five-month hiatus in alimony payments provided by Paragraph Nine.

The bankruptcy court was not explicit in its analysis of the nature of the payments required by the Pennsylvania Order. A review of the hearing transcript suggests that the non-exclusive list of factors recommended by this court guided to some extent the bankruptcy court's determination that the payments labeled alimony were in fact alimony.

As to the six payments required by Paragraph Eight, the court's analysis is somewhat less clear. Initially, the court appears to have recognized the similarities between the payments required by the two paragraphs.

> THE COURT: And the four thousand dollars a month from you is, or has been referred to as alimony?

---

[1]Although Vicki Egleston contests the findings of the bankruptcy court as to other portions of the Pennsylvania Order, we are convinced that they are not clearly erroneous.

-5-

[DR. EGLESTON]: Correct. But the five thousand dollars that they would be paying her would be part of the property settlement of the sale of the practice.

THE COURT: Common sense would not so indicate.

THE WITNESS: Well, how else are you going to get to seventy-five thousand dollars if you've got thirty-seven five in the beginning and six months at five thousand that brings you up close to where you should be for the sale of the practice.

THE COURT: Well that would indicate that there was no necessity of Ms. Egleston for any support at all, otherwise she would have gotten four thousand dollars per month from you plus the five thousand dollars per month, if it was property in nature that you were dividing up.

In the end, however, it appears that the labels used in the Pennsylvania Order swayed the bankruptcy court's determination that the six payments required by Paragraph Eight were not alimony.[2]

The court explained the hiatus in alimony payments provided by Paragraph Nine in the following manner:

[I]t is my understanding of that agreement, from the testimony that I have heard, that it was the desire of the state court judge to condemn him to pay one hundred and thirty-one consecutive months. But because of the moving expenses that he was anticipating having to make and expend, she allowed a suspension in the event that the payments were made by the other parties on the sale of the business.

---

[2]At the end of the hearing, the court declared:

The other portions of this appear to be property in nature. That's the only paragraph, paragraph nine, that appears to be alimony in nature. Everything else appears to be property in nature in that everything else has language in it such as where we're talking about the sale of the practice. . . . And the balance of the cash proceeds in the amount of thirty thousand dollars shall be paid to the defendant as equitable distribution. This document seems to imply as if there has been some sort of equitable distribution of properties between the parties already and this is another equitable distribution under the agreement.

We are unconvinced by the reasoning of the bankruptcy court.

"The Bankruptcy Code requires the bankruptcy court . . . to determine the true nature of the debt, regardless of the characterization placed on it by the parties' agreement at the state court proceeding." In re Benich, 811 F.2d at 945. The non-exclusive list of factors suggested by the Fifth Circuit guides this determination. In re Dennis, 25 F.3d at 279 (citing In re Joseph, 16 F.3d at 88). For the same reason that these factors led the bankruptcy court to conclude that the three payments at the end of 1993 and the 128 payments starting again in May 1994 were in their nature alimony, a portion of the payments required by Paragraph Eight coinciding with this hiatus must be alimony, notwithstanding the label attached to these payments by the Pennsylvania court. As the bankruptcy court suggested during the hearing, to find otherwise would conflict with the finding that the other payments were alimony. In these circumstances, the reason for the hiatus in the payments actually labeled "alimony" appears irrelevant.

We thus conclude that the bankruptcy court's finding as to the payments required by Paragraph Eight, and the district court's affirmance of that finding, were clearly erroneous. We hold that five of the six monthly payments required by Paragraph Eight in the amount of $4,000 each were in lieu of the alimony required by Paragraph Nine, and thus in their nature alimony excepted from discharge under § 523(a)(5). These five payments should be added

to the 131 payments required by Paragraph Nine for a total of 136 payments.  We hold that the remaining $1,000 from each of the five payments and the $5,000 from the sixth payment do not constitute alimony and thus are not excepted from discharge under § 523(a)(5).

## III

For the reasons we have expressed above, we AFFIRM in part, REVERSE in part, and REMAND for entry of judgment in accordance with this opinion.

AFFIRMED in part, REVERSED in part and
REMANDED for entry of judgment.